IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER BRITT,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SEACHANGE INTERNATIONAL, INC., ROBERT PONS, PETER AQUINO, DAVID J. NICOL, JULIAN D. SINGER, STEVEN G. SINGER, and MATTHEW STECKER,<br><br>　　　　Defendants. | Case No:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Plaintiff Christopher Britt ("Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys.

**NATURE OF THE ACTION**

1.　　This is an action against SeaChange International, Inc. ("SeaChange" or the "Company"), and its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and Rule 14a-9 promulgated thereunder by the SEC, 17 C.F.R. § 240.14a-9, in connection with the proposed merger (the "Proposed Transaction") of SeaChange and Triller Hold Co LLC ("Triller").

2.　　On February 22, 2022, Defendants caused to be filed with the SEC a Form S-4 Registration Statement (the "Registration Statement") under the Securities Act of 1933 in

1

connection with the Proposed Transaction.

3.     The Registration Statement, which recommends that SeaChange shareholders vote in favor of the Proposed Transaction, omits and/or misrepresents material information concerning: (1) SeaChange's and Triller's financial projections; (2) the financial analyses performed by SeaChange's financial advisor, Scura Partners LLC ("Scura"), in connection with its fairness opinion; (3) the sales process leading up to the Proposed Transaction; and (4) potential conflicts of interest involving Company insiders.

4.     These material misrepresentations and omissions prevent the Company's shareholders from making a fully informed decision as to how to vote their shares in connection with the Proposed Transaction. Accordingly, the Company's shareholders will be irreparably harmed if these material misrepresentations and omissions are not remedied before the anticipated shareholder vote.

## JURISDICTION AND VENUE

5.     The claims asserted herein arise under and pursuant to Sections 14(a) and 20(a) of the Exchange Act (15 U.S.C. §§ 78n(a) and 78t(a)) and Rule 14a-9 promulgated thereunder by the SEC (17 C.F.R. § 240.14a-9).

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as a substantial portion of the transactions and wrongs complained of herein had an effect in this District, the alleged misstatements entered and the subsequent damages occurred in this District, and the Company transacts business in this District and/or is incorporated in this District.

8. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

9. Plaintiff is, and has been at all relevant times hereto, an owner of SeaChange common stock.

10. Defendant SeaChange provides multiscreen, advertising, and premium over the top video products and services that facilitate the aggregation, licensing, management, and distribution of video and advertising content worldwide. The Company is incorporated in Delaware. The Company's stock trades on the NASDAQ under the ticker symbol, "SEAC."

11. Defendant Robert Pons ("Pons") is Chairman of the Board of the Company.

12. Defendant Peter Aquino ("Aquino") is President, Chief Executive Officer, and a director of the Company.

13. Defendant David J. Nicol ("Nicol") is a director of the Company.

14. Defendant Julian D. Singer ("J. Singer") is a director of the Company.

15. Defendant Steven G. Singer ("S. Singer") is a director of the Company.

16. Defendant Matthew Stecker ("Stecker") is a director of the Company.

17. Defendants Pons, Aquino, Nicol, J. Singer, S. Singer, and Stecker are collectively referred to herein as the "Individual Defendants."

18. Defendants SeaChange and the Individual Defendants are collectively referred to herein as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. The Proposed Transaction

19.   On December 22, 2021, SeaChange and Triller announced the Proposed Transaction. The press release announcing the Proposed Transaction states, in pertinent part:

**Triller to the "ILLR" – Triller Hold Co LLC expected to become publicly traded on Nasdaq through a reverse merger with publicly-traded company SeaChange International, Inc. (NASDAQ: SEAC)**

December 22, 2021 08:45 ET | Source: SeaChange International, Inc.

\*   \*   \*

LOS ANGELES and BOSTON, Dec. 22, 2021 (GLOBE NEWSWIRE) -- SeaChange International, Inc. ("SeaChange") (NASD:SEAC) together with Triller Hold Co LLC ("TrillerVerz" or the "Company") today announced that they have entered into a definitive agreement and plan of merger (the "Merger Agreement") to combine with SeaChange, a publicly-traded company focused on advanced digital advertising with TrillerVerz. The proposed business combination (the "Business Combination") is expected to ultimately result in a value of the combined company at approximately $5 billion.

TrillerVerz believes it is positioned to become a leading AI-powered social media platform for content, creators & commerce and is anticipated to be publicly traded on a U.S. national exchange through the proposed Business Combination.

After completing the proposed Business Combination, SeaChange will change its name to "TrillerVerz Corp." The ticker symbol is expected to change from "SEAC" currently listed on Nasdaq to the new ticker symbol "ILLR".

\*   \*   \*

The boards of both TrillerVerz and SeaChange have approved the proposed Business Combination. It is expected to close in the first quarter of 2022, subject to regulatory and stockholder approvals and the satisfaction of other closing conditions, including specified working capital requirements.

Upon closing, the combined company will be led by TrillerVerz's CEO, Mahi de Silva, who will also become Chairman of the Board. Peter Aquino, President and CEO of SeaChange will join the TrillerVerz team.

*Management Commentary*

\*     \*     \*

*Transaction Overview*

Pursuant and subject to the terms and conditions of the Merger Agreement, in addition to other contemplated transactions, (i) the parties anticipate that TrillerVerz will conduct an offering of convertible notes prior to the closing in an amount in excess of $100 million (the "Company Convertible Notes"), and (ii) the charter of the surviving company will provide for two classes of common stock, consisting of Class A common stock ("Buyer Class A Common Stock") and Class B common stock (which Class B common stock is anticipated to provide for super-voting rights to provide its holders 76% or more of the total voting rights) ("Buyer Class B Common Stock").

The stockholders of SeaChange will have the right to elect to receive either (i) their pro rata portion of $25 million cash consideration along with their pro rata portion of an aggregate $75 million in principal of notes (the "Notes Consideration") to be issued by the surviving company to the holders of SeaChange common stock (such cash and notes consideration, the "Cash/Notes Consideration") or (ii) a number of shares of Buyer Class A Common Stock (the "Stock Consideration"), in an amount equal to that which such holder would have received if such holder had purchased Company Convertible Notes in an aggregate amount equal to its pro rata portion of the Cash/Notes Consideration and then converted such Company Convertible Notes at the conversion price at which such Company Convertible Notes were issued and then participated pro-rata along with the TrillerVerz holders in the proposed Business Combination. Assuming that (i) all holders of SeaChange common stock elect the Stock Consideration and (ii) that TrillerVerz issues $250 million of Company Convertible Notes which convert in connection with the proposed Business Combination at an agreed discount of 20% to an assumed $5 billion TrillerVerz valuation, the stockholders of SeaChange would own approximately 2.3% of the surviving company and the holders of TrillerVerz would hold approximately 97.7% of the surviving company. If all stockholders of SeaChange elected to receive the Cash/Notes Consideration, such stockholders would have no equity interest in the surviving company, and the Triller holders would collectively own 100% of the surviving company. For SeaChange stockholders that elect the Cash/Notes Consideration, each would receive their pro rata portion of such Cash/Notes Consideration which would then also reduce the resulting SeaChange stockholders' ownership percentages by taking into account the payment of the Cash/Notes Consideration and related reduction in the Stock Consideration. The notes (the "Merger Consideration Notes") to be issued to SeaChange stockholders who elect the Cash/Notes Consideration are payable on the one-year anniversary of issuance, bear interest at a rate of 5% per annum and, in the event an agreed fairness opinion is obtained by SeaChange in accordance with the provisions of the Merger Agreement, will be automatically converted by the surviving company into Buyer Class A Common Stock at such time as the market capitalization of the surviving company equals or exceeds $6 billion for ten

consecutive trading days into 80% of the same number of shares of Buyer Class A Common Stock which the SeaChange stockholder would have received if instead of electing the Cash/Notes Consideration such SeaChange stockholder had elected the Stock Consideration for the portion of the Cash/Notes Consideration attributable to the principal amount of the Notes Consideration. If the fairness opinion is not obtained, the Merger Consideration Notes will not be automatically convertible, but in any case, the holders of the Merger Consideration Notes will have the option to convert into Buyer Class A Common Stock if the surviving company exercises its optional redemption right, which it may do at any time, in whole or in part, on the same terms set forth above. The holders of the Merger Consideration Notes will have recourse against the surviving company and its assets only to the extent of the surviving company's interest in certain of its subsidiaries (who will also provide guarantees of the Merger Consideration Notes). The existing subsidiaries of SeaChange prior to the proposed Merger are also anticipated to provide a first lien security interest on their assets securing the Merger Consideration Notes. The Merger Consideration Notes will have limited covenants.

*Advisors*

Akin Gump Strauss Hauer & Feld LLP has advised TrillerVerz with certain legal matters related to the proposed Business Combination and K&L Gates LLP has advised SeaChange with respect to certain legal matters relating to the proposed Business Combination.

*        *        *

*About TrillerVerz*

TrillerVerz is a first-of-its-kind company consolidating technology and content platforms to lead to Web3.0. TrillerVerz pairs music culture with sports, fashion, entertainment, and influencers through a 360-degree view of content and technology. TrillerVerz owns the globally popular TrillerVerz app used by musicians, celebrities, athletes, and overall culture setters, reaching more than 350 million users worldwide. The TrillerVerz app as distinguished from other popular short-video apps, encourages its influencers to post the content created on the app across different social media platforms and uses proprietary AI technology to push and track their content virally to affiliated and non-affiliated sites and networks, enabling them to reach millions of additional users. TrillerVerz additionally owns VERZUZ, the live-stream music platform launched by Swizz Beatz and Timbaland; Amplify.ai, a leading customer engagement platform; FITE, a premier global PPV, AVOD, and SVOD streaming site; and Thuzio, a leader in B2B premium influencer events and experiences. A TrillerVerz presentation is attached immediately following this press release.

*About SeaChange*

> SeaChange provides first-class video streaming, linear TV, and video advertising technology for operators, content owners, and broadcasters globally. The SeaChange technology enables operators, broadcasters, and content owners to cost-effectively launch and grow premium linear TV and direct-to-consumer streaming services to manage, curate, and monetize their content. SeaChange helps protect existing and develop new and incremental advertising revenues for traditional linear TV and streaming services with its unique advertising technology. SeaChange enjoys a rich heritage of nearly three decades of delivering premium video software solutions to its global customer base.

**B. The Registration Statement Contains Materially False and Misleading Statements and Omissions**

20.     The Registration Statement omits and/or misrepresents material information concerning: (1) SeaChange's and Triller's financial projections; (2) the financial analyses performed by Scura in connection with its fairness opinion; (3) the sales process leading up to the Proposed Transaction; and (4) potential conflicts of interest involving Company insiders.

21.     As a result of the omission of the material information (referenced below), the following sections of the Registration Statement are false and misleading, among others: (i) Background of the Merger; (ii) SeaChange Reasons for the Mergers; (iii) Recommendation to SeaChange Stockholders; and (iv) Opinion of SeaChange's Financial Advisor.

22.     It is imperative that the material information that was omitted from the Registration Statement be disclosed to the Company's shareholders prior to the anticipated shareholder vote. Plaintiff may seek to enjoin Defendants from the shareholder vote on the Proposed Transaction unless and until the below material misstatements and omissions are cured. In the event the Proposed Transaction is consummated, Plaintiff may seek to recover damages resulting from Defendants' misconduct.

   **1. Material Omissions Concerning SeaChange's and Triller's Financial Projections**

23.     The Registration Statement omits material information concerning SeaChange's and Triller's financial projections.

7

24. According to the Registration Statement, SeaChange provided Scura with financial forecasts for SeaChange and Triller that included cash flow projections. *See* Registration Statement at 113-14. The Board directed Scura to utilize these forecasts in its fairness opinion for the Proposed Transaction. *See Id*. Further, as part of Scura's analysis and fairness opinion, Scura relied upon: (i) financial forecasts for SeaChange "for the fiscal years through FY2027" as provided by SeaChange management; and (ii) "SeaChange's projections of Triller's revenue and EBITDA for the fiscal years through FY2028." *See Id*. at 115, 120.

25. The Registration Statement, however, fails to disclose the aforementioned projected financial information.

26. The disclosure of this information is material because it would provide the Company's shareholders with a basis to project the future financial performance of the Company and combined company and would allow shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion. Shareholders cannot hope to replicate management's inside view of the future prospects of the Company. Without such information, which is uniquely possessed by Defendant(s) and the Company's financial advisor, the Company's shareholders are unable to determine how much weight, if any, to place on the Company's financial advisor's fairness opinion in determining whether to vote for or against the Proposed Transaction.

27. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 2. Material Omissions Concerning Scura's Analyses

28. In connection with the Proposed Transaction, the Registration Statement omits material information concerning analyses performed by Scura.

29. With respect to Scura's Discounted Cash Flow Analyses for SeaChange and Triller,

the Registration Statement fails to disclose: (1) the financial forecasts and data provided by SeaChange's management; (2) the unlevered free cash flows used in the analyses, including all underlying line items; (3) the terminal values; (4) the net operating losses; and (5) the individual inputs and assumptions underlying the discount rates and multiples.

30. Without the information described above, the Company's shareholders are unable to fully understand Scura's fairness opinion and analyses, and are thus unable to determine how much weight, if any, to place on them in determining whether to vote for or against the Proposed Transaction.

31. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

### 3. Material Omissions Concerning the Sales Process Leading up to the Proposed Transaction

32. The Registration Statement omits material information concerning the sales process leading up to the Proposed Transaction.

33. According to the Registration Statement, in 2020, SeaChange retained investment banker SG Cowen Securities Corp. ("SG Cowen") to assist in a sales process of the Company. *See* Registration Statement at 109, 116. SeaChange had discussions with three potential counterparties which had resulted in indications of interest. *Id*. None of these offers purportedly resulted in an agreement. *Id*.

34. The Registration Statement fails to disclose SG Cowen's interests in the Proposed Transaction and fees charged or expected to be received in connection with the Proposed Transaction and prior sales process. This information is material to assess SG Cowen's potential conflicts of interest.

35. The Registration Statement fails to disclose whether SeaChange entered into any

9

agreements with the parties/strategic buyers from the 2020 sales process that would preclude such parties from making a superior offer for the Company.

36. Without this information, SeaChange shareholders may have the mistaken belief that potential suitors are or were permitted to submit superior proposals for the Company, when in fact they are or were contractually prohibited from doing so.

37. This information is material because a reasonable SeaChange shareholder would want to know, prior to voting for or against the Proposed Transaction, whether other potential buyers are or were foreclosed from submitting a superior proposal.

38. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

**4. Material Omissions Concerning Company Insiders' Potential Conflicts of Interest**

39. The Registration Statement omits material information concerning potential conflicts of interest involving Company insiders.

40. The Registration Statement fails to adequately disclose the details of all employment-related and compensation-related discussions and negotiations concerning the Company's officers and directors, including the parties to such communications, when they occurred, the specific content discussed/communicated, and whether such communications were first authorized by the Board.

41. Any communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to shareholders. This information is necessary for shareholders to understand potential conflicts of interest of management and the Board.

42. The above-referenced omitted information, if disclosed, would significantly alter

the total mix of information available to the Company's shareholders.

## COUNT I
### For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder
### Against All Defendants

43. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

44. During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Registration Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

45. Each of the Individual Defendants, by virtue of his/her positions within the Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Registration Statement with respect to the Proposed Transaction. The Defendants were, at minimum, negligent in filing the materially false and misleading Registration Statement.

46. The false and misleading statements and omissions in the Registration Statement are material in that a reasonable shareholder would consider them important in deciding how to vote on the Proposed Transaction.

47. By reason of the foregoing, Defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

48. Because of the false and misleading statements and omissions in the Registration Statement, Plaintiff is threatened with irreparable harm.

**COUNT II**
**Violations of Section 20(a) of the Exchange Act**
**Against the Individual Defendants**

49.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50.     The Individual Defendants acted as control persons of the Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their senior positions as officers and/or directors of the Company and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the false and misleading Registration Statement.

51.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Registration Statement, and to correct promptly any public statements issued by the Company which were or had become materially false or misleading.

52.     In particular, each of the Individual Defendants had direct and supervisory involvement in the operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Individual Defendants were provided with or had unlimited access to copies of the Registration Statement and had the ability to prevent the issuance of the

statements or to cause the statements to be corrected. The Registration Statement at issue contains the recommendation of the Individual Defendants to approve the Proposed Transaction. Thus, the Individual Defendants were directly involved in the making of the Registration Statement.

53. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Proposed Transaction. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions which had input from the Individual Defendants.

54. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, the Company's shareholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until Defendants disclose and disseminate the material information identified above to Company shareholders;

B. In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Declaring that Defendants violated Sections 14(a) and 20(a) of the Exchange Act, and Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

E. Granting such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: March 28, 2022                                        Respectfully submitted,

**FARNAN LLP**

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiff*